## H. N. JENNE *vs.* S. H. PIPER.

May Term, 1897.

Present: ROSS, C. J., ROWELL, MUNSON, START and THOMPSON, JJ.

*No Need to Plead What Is Conceded—Wife as Witness—Evidence from Probability*

The plaintiff in trespass on the freehold can take no advantage of the defendant's failure to plead a right of way, when he concedes on trial the existence of the right and the only dispute is concerning its location.

Upon the question where the plaintiff had located the way of necessity, it was admissible for the defendant to show where the plaintiff had said he intended to locate it, and where it had been used by the defendant, and others visiting his premises, with the knowledge and without the objection of the plaintiff.

The court properly refused to permit the wife of the plaintiff to testify, for the general rule excluded her and the plaintiff did not offer to show that she came within the exception.

TRESPASS ON THE FREEHOLD. Plea, the general issue. Trial by jury at the May Term, 1896, Windsor County, *Tyler,* J., presiding. Verdict and judgment for the defendant. The plaintiff excepted.

*Gilbert A. Davis* and *Sanford E. Emery* for the plaintiff.

*W. W. Stickney* and *J. G. Sargent* for the defendant.

Ross, C. J.   On the trial, the plaintiff conceded that the defendant had a right of way of necessity across the premises, where the alleged trespass was committed.   This concession relieved the defendant from the necessity of pleading it.   He need not plead what he need not prove. He had no occasion to prove that he had a right of way across the premises when the plaintiff conceded that he had. The court had no occasion to admit, and admitted no testimony to establish that the defendant had such a right of way.   The exceptions do not raise the point made by the counsel for the plaintiff that a right of way, or license must be specially pleaded when relied upon by the defendant to justify the alleged trespass.   Such plea is only necessary when the defendant has to establish such a right of way; or license, by proof, to make out a justification.   The exceptions show that no proof was offered by the defendant to establish that he had a right of way across the premises, but that the fact that he had it was conceded by the plaintiff.   There is no foundation for the contention that there was error because the defendant must have pleaded a right of way, or license, to justify his walking across the plaintiff's premises.   The plaintiff conceded that he had that right.   The only contention on the trial, made by the testimony offered, was with reference to the location of the defendant's right of way.   Where one has a right of way of necessity across premises owned or occupied by another, unless he waives it, the other has the right to fix the location of the way, provided it is reasonably convenient for the use of the one having it.   The testimony of both parties, so far as shown by the exceptions, was to the point that the plaintiff had exercised this right, and located the right of way.   The plaintiff's testimony tended to show that he had located it on the east side of the tenement house, and the defendant's testimony tended to show that the plaintiff had located it on the west side of the tenement house.   This same way would accommodate other lots owned by the plaintiff's wife

in the immediate vicinity of the lot sold to the defendant's wife, on which he had erected a dwelling, and was residing. On this contention in regard to which party was right as to the location made by the plaintiff, of the way, either party had the right to introduce any fact or circumstance which would render his claim in regard to its location more probable. To establish his claim the defendant could show, as he did, that the plaintiff had said to others when speaking of selling the other lots, that the way was to be on the west side of the tenement house. Such declarations although made before the sale to the defendant's wife, could be shown as they tended to render it more probable, that at the time of the sale to the defendant's wife, he located the way where he had before said he should locate it to accommodate this and his other lots. The use of this way, without objection on the part of the plaintiff, and with his knowledge, by the defendant, and by others who had occasion to go to the defendant's house, was clearly admissible on this contention. These principles cover all the testimony admitted against the plaintiff's exception.

The court properly refused to allow the plaintiff's wife to testify. She could only do so in matters in which she acted in the premises, as the agent of the plaintiff. In offering her to testify in his behalf, the plaintiff did not offer to show that he ever authorized her to act in the matter for him, or ever recognized her as his agent in that matter. Being incompetent on the ground of public policy because of the marital relations existing between her and the plaintiff, except when she acted as his agent, the agency must first be shown to render her competent to testify in his behalf.

*Judgment affirmed.*